IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARVEY J. HUDSON,                      :
                                        :
            Petitioner                  :     CIVIL NO. 1:CV-05-2097
                                        :
      v.                                :     (Judge Rambo)
                                        :
TROY WILLIAMSON, Warden,                :
                                        :
            Respondent                  :

## MEMORANDUM

Petitioner, Harvey Hudson, a federal prisoner confined at the United States

Penitentiary-Allenwood ("USP-Allenwood") in White Deer, Pennsylvania,

commenced this action *pro se* with a petition for writ of habeas corpus (Doc. 1) filed

pursuant to the provisions of 28 U.S.C. §2241. The applicable filing fee has been

paid in full. Respondent is USP-Allenwood Warden, Troy Williamson.

On October 28, 1987, Petitioner was convicted in the Superior Court for the

District of Columbia for various sex crimes[1] involving his stepdaughter. As a result

of the conviction, Petitioner was sentenced to a term of 112 years to life. Thereafter,

Petitioner filed 17 post-trial motions in the District of Columbia Court of Appeals, as

---

[1]Petitioner was convicted of six counts of carnal knowledge, nine counts of taking indecent liberties with a minor, one count of sodomy, one count of kidnaping, and one count of obstruction of justice. *See Hudson v. Kagan-Kans*, No. 90-2986(RCL), 1996 WL 247838, at *1 (D.D.C. Nov. 4, 1991).

well as 5 civil rights complaints, one mandamus petition, and two habeas petitions in

the United States District Court and/or Court of Appeals for the District of Columbia.

(Doc. 1, Appx. 1.) Further, Petitioner filed a direct appeal to the District of Columbia

Court of Appeals, and that Court affirmed his conviction and sentence on April 18,

1990. Moreover, Petitioner has filed three prior habeas petitions to this Court (Civil

Action No. 1:CV 02-2259, Civil Action No. 1:CV 03-0337, and Civil Action No. 05-

0492).

     In the instant action, Petitioner claims that (1) he is entitled to a full and fair

hearing on the impropriety of his conviction and sentence, and (2) he is being held

unlawfully because the "judgment of conviction [was] rendered without jurisdiction."

(Doc. 1 at 3.) For the reasons set forth, the petition will be dismissed.

     Habeas corpus petitions brought under § 2241 are subject to the Rules

Governing § 2254 cases in the United States District Courts, 28 U.S.C. foll. § 2254

(1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton,*

491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it

plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court, the judge shall make an order

for its summary dismissal and cause the petitioner to be notified." Under Rule 9,

"[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." There is no doubt that this is a second or successive petition which falls within the scope of Rule 9. Since Petitioner has not sought the requisite authority from the United States Court of Appeals for the Third Circuit to file this petition, the petition will be summarily dismissed pursuant to the provisions of Rule 4 and Rule 9 of the Rules applicable to § 2254 habeas petitions.

Sylvia H. Rambo
United States District Judge

Dated: November *18*, 2005.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARVEY J. HUDSON,                    :
                                     :
            Petitioner               :    CIVIL NO. 1:CV-05-2097
                                     :
      v.                             :    (Judge Rambo)
                                     :
TROY WILLIAMSON, Warden,             :
                                     :
            Respondent               :



## ORDER

In accordance with the accompanying memorandum of law, **IT IS**

**HEREBY ORDERED THAT:**

1) The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**.

2) The Clerk of Court is directed to close this case.

3) The court declines to issue a certificate of appealability.

Sylvia H. Rambo
United States District Judge

Dated: November *18*, 2005.